**DREXEL HERITAGE FURNISHINGS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

**and**

**Ethan Allen, Inc., Intervenor.**

No. 661–83C.

United States Claims Court.

Dec. 22, 1983.

---

* Proposed FRE 509 was not enacted as part of the current FRE, and, therefore, is not binding in proceedings before this court. However, it

---

Richard C. Johnson, Washington, D.C., for plaintiff.

Eileen Fennessy, with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

Robert H. Koehler, Washington, D.C., for intervenor.

## ORDER PARTIALLY DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

TIDWELL, Judge:

The facts and procedural history of this case are discussed at length in this court's Orders of November 10, 1983 and December 20, 1983 and need not be repeated here except as germane to this Order.

Following the filing of a number of pleadings and motions in this case, all parties filed motions for expedited discovery and protective orders. At a discovery conference held on December 15, 1983, the issues raised in the motions for expedited discovery and protective orders were disposed of with the exception of several documents plaintiff sought which defendant claimed fell within the deliberative process privilege and should be protected from discovery. *See* 2 Weinstein's Evidence § 509(07) (1982); proposed Federal Rules of Evidence 509.* The court directed that all documents sought by plaintiff in its Motion for Expedited Discovery, as amended at the

is useful in an advisory capacity. *See also* the advisory committee's notes to proposed FRE 509(a)(1).

discovery conference, which defendant believed should not be released under the proprietary information exception and the deliberative process privilege were to be delivered to the court for an *in camera* inspection. On December 20, 1983 counsel for defendant delivered by hand to the court ten documents, several of which contained attachments.

Defendant's Motion for Protective Order, filed November 8, 1983 raised two arguments as to why certain documents requested by plaintiff should not be discoverable under RUSCC 26. The first dealt with trade secrets and confidential information of other offerors. The court is satisfied that none of the ten documents for which privilege is claimed by defendant contain such information. The second argument raised the deliberative process privilege which is an exception to the general rule allowing disclosure. Defendant asserts the deliberative process privilege for all ten documents delivered to the court for *in camera* inspection. Defendant's primary argument is that the documents reflect the subjective individual views, thoughts, ideas and analyses of members of the Source Evaluation Board precipitated by their evaluation of the various offers and that plaintiff has shown no legitimate reason for probing into such thoughts and deliberative processes.

Upon review *in camera,* the court is convinced that much of the information contained in the ten documents is factual in nature and that its discovery by plaintiff would in no way interfere with the continued free flow of advice and opinion sought to be protected by the deliberative process privilege as articulated in proposed Federal Rules of Evidence 509. The court is not aware of any rule, by which this court is bound, that would, or should, prohibit the disclosure of factual information, even if that information is an integral part of the deliberative process itself. On the other hand, proposed Federal Rules of Evidence 509 recognizes a general rule, although not unlimited, that discourages the release of intra-governmental "opinion" type information. *See* 2 Weinstein's Evidence,

§ 509(07). Our predecessor court, however, has held that the unfettered discovery of materials which were not prepared for purposes of trial, or otherwise privileged, is the better rule to follow. *Cetron Electric Corporation, a Delaware corporation, and Emil Makar,* 207 Ct.Cl. 985 (1975). The court held in that Order that:

> [The] mere presence of opinion, conclusions, and recommendations, not trial preparation material, is no protection against discovery when relevance and a genuine need is shown for their discovery ... Counsel for the Government should not be permitted to determine what evidence the court will permit to be discovered by exercise of such a unique pretext as it now advances.

The court, having reviewed the ten documents in question, studied plaintiff's requests therefor and heard argument as to whether the information contained therein should be disclosed is convinced that the opinion portions of the documents go directly to the heart of the matter in litigation. Plaintiff's general arguments asking for the type of opinion information identified in the ten documents has convinced the court that the information is relevant and that a genuine need exists for its discovery. This information should not be denied to plaintiff. It is, therefore, ordered that Defendant's Motion for Protective Order is denied to the extent that the ten documents delivered to the court for *in camera* inspection shall be made available immediately to plaintiff.

IT IS SO ORDERED.